RuffiN, C. J.
 

 The opinion of this Court is, that the execution must be set aside; if for no other reason, because there is no judgment, regular or irregular , voidable, or void, to support it. At the end of this instrument, which purports to be a
 
 scire facias,
 
 the Sheriff is commanded to render the money to no person
 
 ; the
 
 name of the plaintiff being left blank. But, if it be filled up with the name of
 
 William Barnes,
 
 who is stated in the recitals of the writ to have recovered the judgment, it will not mend the matter;
 
 *388
 
 for <jie suit was brought, as it ought to hare boon, in (he of the claimants, Charity, Penelope, and Sarah New-some, and not in that of Barnes. The execution was there-£ore not warrante(jj even in form, by a judgment, and was iu operative and properly set aside. Our opinion is, likewise, that the judgment on the scire
 
 facias
 
 was incongruous and null; and within the principle
 
 of Whitley v Black. 2
 
 Hawks 179, and other cases .of that nature, should be vacated by
 
 the
 
 Court, that rendered it.
 

 We do not found this opinion on the ground that a sc
 
 ire facias
 
 was an improper proceeding for a creditor, who wishes to pursue the real es'ate for the satisfaction of a sum of money due by decree of a Court of Equity or of a Court of law on a petition, which is in the nature of a suit in equity, but upon the ground, that a suit and judgment, in which the same person is plaintiff and defendant, or one of the plaintiffs and defendants is an absurdity and can have no legal efficacy. It is true that we are clearly of opinion, as was held in
 
 Jeffreys v Yarborough,
 
 1 Dev. Eq., 506, that, upon a decree or declaration by a Court of equity, that the estate of the deceased was indebted to the plaintiff in a certain sum and that the executor had no assets, any other person whether donee, legatee, devisee, or heir, must be brought in by supplemental bill; and that'the
 
 scire facias
 
 is given upon judgments at law only, in certain prescribed cases. And we likewise find ■ it held in numerous cases by our predecessors, that petitions for legacies, filial portions, and distributive shares are proceedings according to the course of equity and not law. De-fence is made by answer and plea on oath. A
 
 Court of
 
 equity cannot enjoin a decree upon petition, because the Court, which gave the decree, has the same jurisdiction to re-examine upon a petition to rehear, or to review for error of law or fact or for surprise.
 
 Holding
 
 v
 
 Holding,
 
 Conf. Rep. 525. The assignee of a distributive share may sue for it by petition' in his own name as he can in a court of Equity.
 
 Wright
 
 v
 
 Lowe, 2
 
 Murph 354. So, evidence is taken ly commission in depositions and not.
 
 viva, voce
 
 as in cases at
 
 *389
 
 law.
 
 Ogden v Jones,
 
 3 Hawks 24. These instances are sufficient to shew the nature of the jurisdiction; tho’ (herbare many others to the same effect. We are no t, however, called on to say, how, in ordinary cases, plaintiffs in petition, to whom money may be found due, and who cannot get it out of the personal estate, should proceed against the rcal’estate. And, although we might be of opinion, that a
 
 scire facias
 
 was not the appropriate proceeding, yet, if this were an ordinary case of one person being the creditor and another the debtor, we should hold, that a judgment on the
 
 scire facias
 
 was not void, as the objection was not to the jurisdiction of the Court, but only to the process, which the party waived by not taking.
 
 White
 
 v
 
 Albertson,
 
 1 Dev. 242. But, supposing in this case the process in due form and all the proceedings to be otherwise regular, and it is in that point of view that we look at it, yet the judgment is inconsistent and senseless in being, at once, for and against the same persons. Upon that ground we think it must be vacated. If authority were needed for so plain a position, it may be easily found. The case of
 
 Pearson
 
 v
 
 Nesbit,
 
 1 Dev. 315, is in point and states the reasons as convincingly as can be. It is true, that was a writ of error, which might be necessary there to enable the other side to take issue on the identity of the persons of the same name on opposite sides of the suit. Here the identity of the three plaintiffs with three of the defendants, the children of the intestate, is set forth in the record, and does not admit of denial. In such a case the reasoning in
 
 Pearson
 
 v
 
 Nesbit,
 
 is completely applicable, as shewing that, where the same person is the creditor and debtor, the debt is extinguished, and therefore upon the face of the judgment, as soon as it was pronounced, the debt therein recovered was gone. Consequently, the Court should purge their records of such an absurdity. So in the
 
 Justices
 
 v Shan
 
 nonhouse,
 
 2 Dev. 6, and several other cases of the like kind, where an obligor was also one of those to whom, as a class of persons a bond was payable, it was, upon
 
 non est factum
 
 held not to be a deed. For the like cause this judgment.
 
 *390
 
 must be a nullity. But it was urged in the argument, that uPon a judgment, ascertaining the debt in favor of one, who is an heir, among several, of the debtor, a joint
 
 sci. fa.
 
 mugt g0. |3ecause it was said, no other remedy was given for the creditor and every heir ought to be compelled tocontri-bute by the process of execution going against all the land descended. It is true the statute gives no other remedy at law, but by
 
 scire
 
 facias, on the judgment in the suit against the personal representative. But in giving that, the creditor and the heir are supposed to be different persons, as much as that the creditor and administrator are so. The act of 1784 made no provision for the cases, in which the personal representative is a creditor, or in which one of the heirs is a creditor. But because the administrator had no other remedy at law for a simple contract, and could not proceed by
 
 scire facias
 
 a-against the heir but after a judgment against himself, it was not held that the Legislature meant the absurdity, that the administrator should sue himself to ascertain his debt and then proceed on the judgment by
 
 sci. fa.
 
 against the heir. On the contrary, as a matter of course, he could have no legal remedy for a simple contract debt in such a case ; but would 'be compelled to apply to a court of equity for relief, upon the ground that he had a subsisting debt and no other remedy for it. Therefore, on the express ground, that the administrator and executor, could in no mode recover their debts against the heirs, under the act of 1784, the acts of 1799, and 1806, gave the cheap and expeditious remedy at law by petition. But the case of an heir being the creditor remains as it was from the first; and, therefore, like the executor, before the amendment in his favor, the heir, from necessity, cannot proceed at law. His case is now as that of one of two co-parceners was at common law, when one of three held the executor’s bond, in which he bound his heirs ; and that case was like that of one of the two executors, who was a creditor of the testator, who cannot sue his co-executor either alone, or jointly with himself: The remedy in either case is in equity, because the creditor cannot sue at law, but has a right
 
 *391
 
 to satisfaction out of the fund. And to repel an inference that the act restrained the creditor in such case to the lega). remedy given by the statute, it is expressly provided, Rev.St. c. 43. s. 6, that the creditors’ remedy, or the rule of decision, in equity, shall not be affected by any provision of the act. That is the proper remedy, because there the value of each share descended or devised may be conveniently ascertained and the debt only apportioned ; whereas upon a joint judgment at law, if so absurd a thing can be supposed, the creditor could raise his whole debt from one of the heirs, although he himself ought to contribute. Therefore this case of an heir being- a- creditor can be ño exception to the rule, which arises out of the nature of things, that the same person cannot be' plaintiff and defendant in an action at law.
 

 Our opinion then is, that the County Court was right in vacating the judgment and quashing the
 
 scire
 
 facias; and in setting aside the éxeeutíón.
 

 But when that had been done, that'eoiirt should have stopped. It erred in ordering Lary Newsom to pay to the heirs, including the three, (who were'the plaintiffs) the sum he had hid for the land. By setting' abide the judgment and execution as void,- the sale by the Sheriff necéssarily'falls through, and the land still 'belongs to the heirs. They cannot keep the land and have the money too:
 

 The result is, that the decision in the Superior Court’ must be reversed, with bosts in this Court’; and that the case must be remanded to that court with instructions to’ reverse with costs’in that Court,-so much óf the order of the' County Court, as required Lary Newsom to pay the sum of f>211-3- 33 or any part thereof, and to affirm s'o much of the order of the County Court ds went lo set aside the execution an‘d sale thereunder and vacate the judgment, rendered on the scire
 
 facias,
 
 in the record set forth ; and to issue ¿writ óf
 
 procedendo
 
 to the
 
 County
 
 Court accordingly.
 

 Per Curiam, Ordered Accordingly.-